J-S05037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALPHONSO WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 1230 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 21, 2019
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0004668-2018

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 17, 2020**

Alphonso Williams ("Williams") appeals from the judgment of sentence entered following his conviction of escape.[1]  We affirm.

In its Opinion, the trial court summarized the facts underlying the instant appeal as follows:

> Lester Smith [("Smith")], a shift supervisor at [] Keystone Correctional Services [("Keystone")], testified that Keystone is a secured facility that serves as "a halfway house and work release center."  Residents of Keystone are "getting released from jail and they come there on parole, or else they come back….  They're brought back from [a] parole violation.  So[,] they stay with us until parole sees them, and then they get a home plan and go back out."  The doors are locked[,] and the property is surrounded by fences with barbed wire.
>
> On June 8, 2018, [Williams], a resident at Keystone, was out on a job search.  When he returned to the facility, [] Smith was instructed to strip search [Williams] due to a suspected drug offense.  During the search, [] Smith found two bags of synthetic

---

[1] **See** 18 Pa.C.S.A. § 5121.

marijuana in [Williams's] underwear. [Williams] was then given a urine test and tested positive for synthetic [marijuana]. The facility director was notified, as was the Pennsylvania State Police. [] Smith testified that [Williams] returned to the housing unit [but], after a formal count of residents was conducted, it was determined that [Williams] was missing. [] Smith was able to view Keystone surveillance footage and observed [Williams] going over the fence with a sheet on top of the barbed wire.

Trial Court Opinion, 10/31/19, at 1-2 (citations omitted; paragraph break added). Williams was apprehended on August 4, 2018.

Following a bench trial, the trial court convicted Williams of escape. The trial court subsequently sentenced Williams to one to three years in prison, plus fines and costs. Thereafter, Williams filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Williams presents the following issue for our review:

Whether the evidence was insufficient to prove [Williams] guilty of escape[,] when the Commonwealth's witness testified that Keystone Correctional Facility houses individuals who are released from jail and paroled[,] and failed to provide evidence to refute that he was on parole status at Keystone Correctional Facility?

Brief for Appellant at 4.

Williams claims that the evidence is insufficient to sustain his conviction of escape. *See id.* at 11. Specifically, Williams argues that the Commonwealth presented no evidence regarding his "resident status" at Keystone. *Id.* According to Williams, the Commonwealth failed to present evidence that he was at Keystone "for one of the reasons delineated for official detention under [18 Pa.C.S.A.] § 5121(e)[,] nor was testimony presented that

he was committed to Keystone under any court order." Brief for Appellant at 11-12. Further, Williams argues that there was no evidence that his status was anything other than a "parolee." *Id.* at 12.

In its Opinion, the trial court addressed Williams's claim and concluded that it lacks merit. *See* Trial Court Opinion, 10/31/19, at 3-7. We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis as to Williams's claim. *See id.* We additionally observe the following.

In *Commonwealth v. Davis*, 852 A.2d 392 (Pa. Super. 2004), this Court addressed a similar issue. The defendant in *Davis* claimed that he had been paroled, and was therefore no longer subject to "official detention," as defined by the escape statute. *Id.* at 396. In considering whether the defendant remained in "official detention," this Court opined that "the term 'prerelease' essentially translates into 'prior to release' and begs the question, prior to release on what? Given that the provisions for 'prerelease programs' are found in the provisions for parole, it logically follows that the term 'prerelease program' refers to a program that predates release on parole." *Id.* at 396.

In *Commonwealth v. Scott*, 967 A.2d 995 (Pa. Super. 2009), this Court applied *Davis* in addressing a similar claim. The defendant in *Scott* was on "prerelease." *Id.* at 998. *Id.* However, the defendant was not required to serve a minimum period in the prerelease program. *Id.* at 999.

The defendant argued that the evidence had failed to establish that he was in "official detention," as he was on parole at the time he left the facility. *Id.* at 998. The defendant's argument was based upon his receipt of a letter indicating his parole status, "and the apparent presumption that [the] issuance of the letter commenced his release on parole." *Id.* at 998. The defendant argued, in the alternative, that, even assuming he was not yet paroled, the Commonwealth's evidence failed to establish that he remained in official detention. *Id.* The defendant relied upon **Davis** as supporting this proposition. *See id.*

This Court rejected the defendant's assertions: "Unfortunately, the authority upon which [the defendant] relies does not establish that his parole commenced before he left [the facility,] or that the Commonwealth is compelled to disprove his assertion that parole had been granted." *Id.*

> [T]he record verifies only that [the defendant] was serving a period of prerelease when he absconded from Kintock Broad,[2] not that he was on parole. Commonwealth witness Roberta Albany, a [Department of Corrections ("DOC")] records custodian, testified that she was familiar with the letter [the defendant] had received from the [Pennsylvania] Board of Probation and Parole. She also testified, however, that [the defendant's] parole remained to be confirmed before a DOC public hearing officer[,] who would issue a release order following [the defendant's] agreement to the terms of the probation[,] and that the order would then be included in [the defendant's] DOC file. *Id*. [The defendant] never attended a DOC hearing and no release order [was] ever issued for his parole. *Id*. Accordingly, his "prerelease" status remained unchanged **and he continued in "official**

---

[2] Kintock Broad was a Community Correction Center then in operation in Philadelphia. *See id.* at 997.

**detention"** while at Kintock Broad. As the trial court recognized, [the defendant] was not on parole and, consequently, was properly subject to a charge of [e]scape upon leaving the Kintock facility. As [the defendant] does not dispute his conduct in leaving the facility without authorization, we find the evidence legally sufficient to sustain his conviction for [e]scape….

***Id.*** (emphasis added).

Thus, in ***Davis*** and ***Scott***, the use of the term "parole" was not dispositive of the defendant's status for purposes of the escape statute. Rather, the Court looked to whether the defendant was in "confinement" or "official detention." ***See Davis***, 852 A.2d at 396; ***Scott***, 967 A.2d at 998-99.

Here, the evidence established that Williams was confined in a secure facility. ***See*** N.T., 6/21/19, at 9 (wherein Smith testified that the facility was a secured facility where the "doors are locked[,] and the property is surrounded by fences with barbed wire"). Further, as defense counsel conceded to the trial court, Williams would need a "home plan … before he [could] be **officially released** out onto the street." N.T., 6/21/19, at 27 (emphasis added). Thus, the evidence established that Williams had not yet been "released" from "official detention." ***See id.*** Therefore, based upon the analysis set forth in the trial court's Opinion, and our review set forth above, we conclude that the evidence is sufficient to sustain Williams's conviction of escape.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/17/2020</u>